IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LENEXA 95 PARTNERS, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | )  Case No. 20-cv-02367-JWB |
| v. | ) |
| | ) |
| **KIN, INC. f/k/a KOHL'S INC.** | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES AND FOR STAY OF EXECUTION

Plaintiff's Memorandum in Opposition to Defendant Kohl's Motion for Attorneys' Fees, Costs, and Expenses and for Stay of Execution (ECF No. 214) ("Opposition") does nothing to undermine the fact that Kohl's is entitled to recover attorneys' fees, costs, and expenses, as requested in Kohl's Motion for Attorneys' Fees, Costs, and Expenses and for Stay of Execution (ECF No. 197) ("Motion"). Therefore, for the reasons stated herein and in Kohl's Motion, the Court should grant Kohl's Motion.

**A.   Kohl's Motion is in Compliance with Rule 54(d)(2), Which Does Not Require Time Records or the Other Detailed Information Plaintiff Claims is Necessary to Calculate a "Lodestar" Figure.**

In Section I of its Opposition, Plaintiff argues that Kohl's Motion must be denied because Kohl's did not provide "contemporaneous time records" that show "all hours for which compensation is requested and how those hours were allotted to specific tasks" and, without that information, Plaintiff argues that, a "lodestar" figure cannot be determined and, therefore, Kohl's cannot establish its request for attorneys' fees is reasonable. *See* Opposition, at p. 4-5. But, this argument is without merit because the "lodestar method" to calculate attorneys' fee awards is generally not used in Kansas (*Snider v. Am. Fam. Mut. Ins. Co*., 298 P.3d 1120, 1130 (Kan. 2013)), and, therefore, Plaintiff's reliance on that method is misplaced.

83994340.2

Moreover, there does not appear to be any authority that states that it is improper or impermissible for a court to make a threshold finding of a party's entitlement to attorneys' fees before actually requiring the party to submit time records to support the reasonableness of the requested fees. Indeed, while Plaintiff argues that "Rule 54(d)(2) does not contemplate a party claiming attorneys' fees in a piecemeal fashion by requesting a 'threshold finding' that the party is entitled to attorneys' fees before submitting billing records" (Opposition, at p. 3), the plain language of Rule 54(d)(2) suggests otherwise. That is, Rule 54(d)(2) sets out what must be included in a motion for attorneys' fees — and time records or billing records are not required. In fact, it is permissible for a movant to only submit "a fair estimate" of the amount of fees sought. To be sure, Rule 52(d)(2)(B) states:

> (B) *Timing and Contents of the Motion*. Unless a statute or a court order provides otherwise, the motion must:
>
>    (i) be filed no later than 14 days after the entry of judgment;
>
>    (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
>    (iii) state the amount sought or <u>provide a fair estimate</u> of it; and
>
>    (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B) (underline added).

Kohl's Motion is in compliance with Rule 54(d)(2). Indeed, it states the amount sought, as required by subsection (iii) of the Rule, and further demonstrates the reasonableness of the amount of the fees sought by setting out and analyzing the relevant factors considered under Kansas law when determining whether the amount of fees sought is reasonable. *See* Motion, at p. 7-10. Therefore, the arguments raised in Section I of Plaintiff's Opposition are without merit and should be disregarded as they do nothing to undermine the propriety of Kohl's Motion.

83994340.2

**B.  Kohl's is Entitled to Attorneys' Fees, Costs, and Expenses Incurred After Kohl's December 18, 2020 Offer of Judgment Because Kohl's Offer of $361,409.47 is More Favorable Than the $305,222.00 Judgment Plaintiff Obtained.**

Section II.1 and Section II.2 of Plaintiff's Opposition are identical to Section II and Section III of Plaintiff's Memorandum in Opposition to Defendant Kohl's Bill of Costs (ECF No. 215). Therefore, Kohl's incorporates by reference the arguments it raised in Section A and Section B of its Reply in Support of its Bill of Costs (ECF No. 216) as if fully set forth herein.

That is, as addressed in Section A of Kohl's Reply in Support of its Bill of Costs, Kohl's is entitled to recover attorneys' fees, costs, and expenses incurred after its December 18, 2020 offer of judgment in the amount of $361,409.47 because Plaintiff is not entitled to prejudgment interest and, thus, prejudgment interest should not be added to the $305,222.00 judgment Plaintiff obtained.  *See* ECF No. 216, at p. 1-2.

And, as addressed in Section B of Kohl's Reply in Support of its Bill of Costs, Kohl's is entitled to recover attorneys' fees, costs, and expenses incurred after its December 18, 2020 offer of judgment in the amount of $361,409.47 because, even if the Court were to find that Plaintiff is entitled to pre-offer attorneys' fees, costs, and/or expenses—which it should not do—the amount of fees, costs, and/or expenses should be significantly reduced to be commensurate with the very limited degree of success Plaintiff ultimately obtained.  *See* ECF No. 216, at p. 3-5.  That is, Plaintiff only recovered $305,222.00 in damages out of the $2,072,170.40 to $2,097,767.40 damages sought and, therefore, Plaintiff should only be able to recover 14.5% to 14.7% of its requested fees, costs, and/or expenses.  *See* ECF No. 216, at p. 4-5.  If the Court were to reduce fees accordingly to reflect Plaintiff's very limited success, Kohl's December 18, 2020 Offer of Judgment in the amount of $361,409.47 would still be more favorable than the judgment Plaintiff ultimately obtains and, therefore, Kohl's is still entitled to recover its post-offer attorneys' fees, costs, and expenses.  *See* ECF No. 216, at p. 5.

**C.    Kohl's is Entitled to Attorneys' Fees, Costs, and Expenses Pursuant to Rule 68(d) and Section 36 of the Lease Even Though Plaintiff Obtained a Judgment in its Favor and Section 36 of the Lease Doesn't Expressly Mention "Costs."**

*1.    Even though Plaintiff Obtained a Judgment in its Favor, Kohl's is Still Entitled to Attorneys' Fees, Costs, and Expenses.*

In Section II.3.i. of Plaintiff's Opposition, Plaintiff argues "Kohl's is not entitled to recover attorneys' fees or other expenses pursuant to Rule 68(d) and Lease Section 36" because Kohl's is not the prevailing party. The cases Plaintiff cites in support of its argument are from other jurisdictions and they are all based on fee-shifting statutes, which have no application here. The same is true for *Energy Intel. Grp., Inc. v. CHS McPherson Refinery, Inc.*, 2019 WL 367788 (D. Kan. Jan. 30, 2019), which is based on statutory attorneys' fees under the Copyright Act. *Id., at* *8-9 (analyzing whether fees may be awarded under § 505 of the Copyright Act and caselaw interpreting the same). These cases, and the others Plaintiff cites to, should not be relied upon in determining how fees should be awarded or apportioned because they are factually and legally distinguishable as they are based on federal fee-shifting statutes—not an attorneys' fee provision in a contract governed by Kansas substantive law.

Moreover, in addition to citing to cases from other jurisdictions based on inapplicable substantive law, Plaintiff also makes no effort to indicate whether those other jurisdictions follow the same approach as the Tenth Circuit when determining whether fees should be awarded in cases where neither party fully prevails on all claims at issue in the case. That is, the Tenth Circuit and the District of Kansas have recognized that even though only one party can be classified as the prevailing party, that doesn't mean only that party is entitled to fees and costs. To the contrary, the Tenth Circuit and the District of Kansas have acknowledged that it is appropriate to apportion fees and costs when neither party fully prevails on all claims, as is the case here. *See Harris Mkt. Rsch. v. Marshall Mktg. & Commc'ns, Inc.*, 948 F.2d 1518, 1527–28 (10th Cir. 1991); *Barber v.*

4

*T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001); *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 662 (D. Kan. 2005).

Indeed, as addressed more fully in Kohl's Motion (ECF No. 197) and Kohl's Memorandum in Opposition to Plaintiff's Motion for Prevailing Party Attorneys' Fees and Expenses Pursuant to Fed. R. Civ. P. 54(d) (ECF No. 212, at p. 1-4), "[b]road discretion is given the trial court as to how fees are awarded" and "district courts should make every effort to achieve the most fair and sensible solution that is possible." *Harris*, 948 F.2d at 1527.  That means, under applicable law, the Court has discretion to either (a) apportion fees and costs among the parties, (b) reduce Plaintiff's award to reflect its partial success, or (c) deny fees and costs to both parties. *Aerotech*, 237 F.R.D. at 662 (citing *Barber*, 254 F.3d at 1234).

Under the facts of this case, it would not be "fair or sensible" to deny Kohl's its attorneys' fees, costs, or expenses.  Kohl's sent Plaintiff two fair and reasonable offers of judgment in this case, which Plaintiff rejected.  The first offer of judgment in the amount of $361,409.47 was offered on December 18, 2020, which was before the parties incurred significant fees, costs, and expenses associated with discovery and motion practice. *See* Kohl's Motion (ECF No. 197), at p. 8 (detailing the extensive nature of the discovery and motion practice in this case).  Because Plaintiff rejected Kohl's offer of judgment, Kohl's was forced to litigate the case, thereby incurring more attorneys' fees, costs, and other expenses in order to defend against the numerous alleged deficiencies that Plaintiff took issue with.  After years of litigation and a week-long jury trial, Kohl's successfully defended against the vast majority of the alleged property condition deficiencies that Plaintiff took issue with and Plaintiff only recovered a fraction of the damages it claimed it was entitled to (*i.e.* only $305,222.00 out of the $2,072,170.40 to $2,097,767.40 damages sought, which represents less than a 15% success rate).

While it is true that only one party may be classified as the "prevailing party," that does not mean that Kohl's is not entitled to reimbursement of its attorneys' fees, costs, and expenses. Indeed, while Plaintiff places great emphasis on the cases stating that only one party can be the "prevailing party," Plaintiff ignores that those same cases permit recovery of fees and costs to the non-prevailing party. *See, e.g., Aerotech*, 237 F.R.D. at 663 (finding that even though there was a verdict in favor of the plaintiff, the defendants partially prevailed and, thus, awarding costs to defendants is proper). Moreover, Plaintiff also ignores that the plain language of Section 36 of the Lease permits recovery of attorneys' fees and expenses to the "party seeking reimbursement" if that party "is entitled to reimbursement." *See* ECF No. 116, at p. 4 (setting out language of the Lease). In other words, the plain language of the Lease does not limit recovery only to the "prevailing party" as Plaintiff claims. Indeed, the Lease states:

> Either party hereto shall be entitled to reimbursement from the other for all reasonable expenses (including attorneys' fees and all other expenses …) … where it is determined … that the party seeking reimbursement has prevailed *or that such party is entitled to reimbursement*.

ECF No. 116, at p. 4 (emphasis added). Based on the facts here and under applicable law, Kohl's is entitled to attorneys' fees, costs, and expenses. And Plaintiff's Opposition fails to point to any binding authority that supports a different conclusion.

### 2. *Section 36 of the Lease Permits Recovery of Attorneys' Fees, Costs, and Expenses Even Though it Does Not Expressly Mention "Costs."*

In Section II.3.ii. of Plaintiff's Opposition, Plaintiff argues that Kohl's is not entitled to recover attorneys' fees or other expenses because Section 36 of the Lease does not define attorneys' fees or other expenses as "costs." In support of this argument, Plaintiff cites to the dissent in *Marek v. Chesny*, 473 U.S. 1 (1985) where Justice Brennan's non-binding dissenting opinion merely stated that "the drafters knew the difference, and intended a difference, between 'costs,' 'expenses,' and 'attorney's fees.'" *Marek v. Chesny*, 473 U.S. 1, 20 (1985) (Brennan, J.,

dissenting). That authority does nothing to undermine Kohl's ability to recover attorneys' fees and expenses under the language of the Lease and, therefore, it should be disregarded.

Plaintiff also cites to one Kansas case to support its argument that "[c]ourts interpreting Rule 68(d) consistently hold that 'costs' and 'expenses' are not synonymous." *See* Opposition, at p. 14 (citing *Richardson v. Murray*, 54 Kan. App. 2d 571, 578, 402 P.3d 588, 595 (2017)). That case, however, is clearly factually distinguishable from the present case.[1] That is, the contract at issue in *Richardson* allowed for reimbursement of "attorney fees, court costs and other legal expenses …." *Richardson*, 402 P.3d at 595. The court found that because the contract listed out "attorney fees" separately from "court costs," it could not be said that attorneys' fees are included within "court costs." *Id*. The court further explained that under the contract at issue, "'[a]ttorney fees' and 'costs' are *separately identified items*, signifying that they are not equivalent." *Id*. (emphasis added).

Here, the Lease does not identify "costs" separately from "attorneys' fees" or "expenses." *See* ECF No. 116, at p. 4. To the contrary, Section 36 of the Lease expressly defines "expenses" as "*including* attorneys' fees and *all other expenses* incurred in investigating, preparing, filing or defending any action, demand, or legal proceeding." *See* ECF No. 116, p. 4 (emphasis added). Moreover, the breadth of the term "expenses" as used in the Lease, which includes "*all other expenses* incurred in investigating, preparing, filing or defending any action, demand, or legal proceeding," clearly encompasses costs as used in Rule 68(d). Therefore, Plaintiff's reliance on *Richardson* is misplaced and the court's ruling in that case has no bearing or relevance to the contract language at issue in the present case.

---

[1] That case also does not support the position for which it is cited as the case concerns whether the term "costs" as used in the contract includes "attorneys' fees," not whether "costs" is synonymous with "expenses," as Plaintiff claims.

The same is true for *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238 (11th Cir. 2002), which Plaintiff also cites in support of its argument that "costs" does not include "attorneys' fees." *See* Opposition, at p. 14-15.  In *Utility Automation*, the contract at issue permitted the recovery of "attorney's fees, court costs and all related expenses …." 298 F.3d at 1245–46.  Because the language of the contract at issue "differentiates between fees and other costs," the court was unwilling to say that the contract makes attorneys' fees part of costs. *Id*. at 1246.  The contract at issue in *Utility Automation* is clearly factually distinguishable from the contract at issue here.  That is, the Lease here does not separately identify or distinguish between "attorneys' fees" and costs or even costs from "expenses."  Therefore, as with *Richardson*, Plaintiff's reliance on *Utility Automation* is misplaced and the court's ruling in that case should be disregarded as it has no bearing or relevance to the contract language at issue here.

Lastly, Plaintiff makes the argument that "[i]f the parties intended to define 'attorneys' fees' or 'expenses' as 'costs,' they would have said so." *See* Opposition, at p. 15.  But the parties' intent, as expressed through the broad language used in Section 36 of the Lease, was clearly to allow recovery of "all reasonable expenses" incurred in an action between the parties, which undoubtedly would include all costs incurred in an action between the parties.  The parties did not carve out "costs" as not being recoverable under Section 36 of the Lease, nor did the parties state or signify that the two terms should be treated differently.  Therefore, contrary to Plaintiff's argument, the intent of the parties only supports Kohl's entitlement to attorneys' fees, costs, and expenses.

**D.    The Court Should Grant Kohl's Request for Stay of Execution.**

The Court is authorized pursuant to Fed. R. Civ. P. 62(b) to stay the execution of a judgment pending disposition of post-trial motions. *Hudson v. AIH Receivable Mgmt. Servs.*, No. 10-CV-2287-JAR, 2012 WL 2149664, at *1 (D. Kan. June 13, 2012).  Contrary to Plaintiff's

8

83994340.2

arguments in Section III of its Opposition, Kohl's is not obligated to file an appeal bond when making a request for a stay of execution. *See id*. (stating that "[w]hile the Court must consider 'adequate terms' for Plaintiff's security in granting the stay, it appears that the appropriate terms need not necessarily include a supersedeas bond."). Therefore, for the reasons stated in Kohl's Motion, the Court should stay the execution of the judgment, under terms the Court deems appropriate, while all motions for attorneys' fees and costs and Plaintiff's motion for new trial are pending.

**WHEREFORE**, for the reasons stated herein and in Defendant Kohl's Motion for Attorneys' Fees, Costs, and Expenses and for Stay of Execution (ECF No. 197), Defendant Kohl's respectfully requests that the Court grant Kohl's Motion and thereby enter an order staying the execution of the judgment and enter an order awarding Kohl's its attorneys' fees, costs, and expenses, and grant any such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

POLSINELLI PC

*/s/ Jason L. Bush*
JASON L. BUSH           (KS #18299)
BRENDAN L. McPHERSON  (KS #23771)
BRISA I.I. WOLFE         (KS #26700)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
jbush@polsinelli.com
bmcpherson@polsinelli.com
bwolfe@polsinelli.com
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I certify that on this 12th day of July 2022, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jason L. Bush*
*ATTORNEY FOR DEFENDANT*

83994340.2