**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LENEXA 95 PARTNERS, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 20-cv-02367-JWB |
| **v.** | ) |
| | ) |
| **KIN, INC. f/k/a KOHL'S INC.** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S BILL OF COSTS AND PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS**

The issues addressed in Plaintiff's Memorandum in Support of its Bill of Costs (ECF No. 225) are not new. They have all been previously raised and briefed in the parties' respective motions for attorneys' fees, cost, and expenses and related briefing (*see* ECF Nos. 197, 214, 215, 216, 220; *see* ECF Nos. 200, 201, 212, 223) and in briefing related to Plaintiff's Motion to Alter or Amend Judgment to Add Prejudgment Interest and Post-Judgment Interest (*see* ECF Nos. 202, 203, 211, and 222). Therefore, for the reasons previously stated in Kohls' briefs (ECF Nos. 197, 216, 220,[1] ECF No. 211[2], and ECF No. 212[3]), Kohl's is the party entitled to costs, not Plaintiffs, and Kohl's, therefore, objects to Plaintiff's Bill of Costs and the arguments raised in Plaintiff's Memorandum in Support of its Bill of Costs.

**I.      Plaintiff is not the prevailing party entitled to costs.**

Plaintiff is not the prevailing party for the reasons addressed in Kohl's Motion for Attorneys' Fees, Costs, and Expenses (ECF No. 197, at p. 2-4, 10-11), Kohl's Reply in Support of its Motion for Attorneys' Fees, Costs, and Expenses (ECF No. 220, at p. 4-6), Kohl's Reply in

---

[1] Kohl's motion and reply briefs in support of Kohl's entitlement to fees and costs.
[2] Kohl's opposition to Plaintiff's motion for prejudgment interest.
[3] Kohl's opposition to Plaintiff's motion for prevailing party fees and costs.

84392072.2

Support of its Bill of Costs (ECF No. 216, at p. 3-5), and Kohl's Memorandum in Opposition to Plaintiff's Motion for Prevailing Party Attorneys' Fees and Expenses (ECF No. 212, at p. 1-4). And, as previously addressed in the aforementioned motion and briefs, even if the Court were to determine that Plaintiff was technically the "prevailing party" because Plaintiff obtained a judgment in its favor (though the judgment was merely a fraction of the total amount of damages sought), applicable case law shows that the Court may exercise its discretion given the circumstances of the case (which are that Kohl's was overwhelmingly successful in defending against Plaintiff's claims for purported defects in the property at issue in the case) and either apportion costs among the parties, reduce Plaintiff's recovery of costs to reflect its partial and limited success, and/or deny costs to both parties all together. *See Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 662 (D. Kan. 2005) (citing *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001)); *see also Harris Mkt. Rsch. v. Marshall Mktg. & Commc'ns, Inc.*, 948 F.2d 1518, 1527–28 (10th Cir. 1991).

**II.     Kohl's Rule 68 Offer of Judgment on December 18, 2020 is more favorable than the Judgment Lenexa 95 ultimately obtained and, therefore, Kohl's is entitled to costs after December 18, 2020, not Plaintiff.**

Identical to the arguments and authorities previously raised and briefed, Plaintiff again argues that Kohl's December 18, 2020 offer of judgment should be disregarded because Kohl's $361,409.47 offer of judgment is not more favorable than the $305,222.00 judgment Plaintiff obtained when prejudgment interest and Plaintiff's pre-offer attorneys' fees and costs are taken into consideration. However, as addressed in Kohl's Reply in Support of its Bill of Costs (ECF No. 216, at p. 1-5), Plaintiff's arguments are flawed for at least two principal reasons.

First, Plaintiff is not entitled to prejudgment interest under Kansas law for the reasons addressed and the authorities cited in Kohl's Opposition to Plaintiff's Motion to Alter or Amend Judgment to Add Prejudgment Interest (*see* ECF No. 211). Therefore, because Plaintiff is not

entitled to prejudgment interest under applicable Kansas law, the $305,222.00 judgment Plaintiff obtained at trial is not increased or impacted by prejudgment interest as Plaintiff contends.  *See* ECF No. 216, at p. 1-2.

Moreover, while Plaintiff attempts to assert new arguments in its Reply in Support of its Motion to Alter or Amend Judgment to Add Prejudgment Interest (*see* ECF No. 222, at p. 5-7), which were not previously raised in Plaintiff's motion (ECF No. 203) or Kohl's opposition (ECF No. 211), those arguments are improper and should be disregarded given they are raised for the first time in a reply brief.  *See Plotner v. AT & T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000) (declining to address issues raised in reply brief "under our general rule that we do not consider issues raised for the first time in a reply brief."); *Niles v. American Airlines, Inc.*, 563 F. Supp. 2d 1208, 1213 (D. Kan. 2008) ("Courts in this district generally refuse to consider issues raised for the first time a reply brief."); *U.S. v. Prince*, 167 F. Supp. 2d 1296, 1299, n.2 (D. Kan. 2001) ("As a general rule, the Court will not consider issues raised for the first time in a reply brief."); *Roeder v. Schnurr*, No. 20-3275-SAC, 2021 WL 2290804, at *1 (D. Kan. June 4, 2021) (stating petitioner cannot make new arguments in a reply brief that were not included in his initial brief); *Mike v. Dymon, Inc.*, No. 95–2405–EEO, 1996 WL 427761, at *2 (D. Kan. July 25, 1996) ("In pursuit of fairness and proper notice, the court generally summarily denies or excludes all arguments and issues first raised in reply briefs."); *Glad v. Thomas Cnty. Nat. Bank*, No. 87-1299-C, 1990 WL 171068, at *2 (D. Kan. Oct. 10, 1990) ("The inequity of a court considering arguments and issues that were raised for the first time in a reply brief should be apparent. This court will not consider the new arguments and issues presented in the [defendant]'s reply brief since the plaintiff has not had an opportunity to respond.").  Indeed, given the breadth of authority supporting the exclusion

3

of the new arguments raised in Plaintiffs' reply brief on the issue of prejudgment interest, those arguments should be disregarded and will not be addressed here.

Second, Plaintiff's argument that Kohl's offer of judgment must be measured against the $305,222.00 judgment Plaintiff obtained at trial plus pre-offer attorneys' fees, pre-offer expenses, and pre-offer costs is flawed because Plaintiff incorrectly assumes that Plaintiff is entitled to recover the full extent of its pre-offer attorneys' fees, costs, and expenses, which is an inaccurate assumption as previously addressed. *See* ECF No. 212, at p. 1-2; ECF No. 216, at p. 3-5.  Indeed, as previously addressed, it would be unfair, inequitable, and inconsistent with applicable Kansas law to allow Plaintiff to recover the full extent of its fees, costs, and expenses given the circumstances of the case and the ultimate outcome.  That is, Plaintiff should not be deemed the prevailing party entitled to recover fees, costs, or expenses when it was only successful in recovering $305,222.00 in damages out of the $2,072,170.40 to $2,097,767.40 damages sought (which amounts to only a 14.5% to 14.7% success rate) and when Plaintiff was only successful in recovering damages associated with 5 of the 25 property conditions it took issue with in this case (which amounts to only a 20% success rate).  Given this limited success, the Court should not permit Plaintiff to tack on pre-offer attorneys' fees, pre-offer expenses, and pre-offer costs in an effort beat out the $361,409.47 offer of judgment that Kohl's offered on December 18, 2020.

However, even if the Court were to award Plaintiff some of its pre-offer attorneys' fees and pre-offer costs in an amount that is commensurate with the limited degree of success that Plaintiff ultimately obtained at trial, Kohl's December 18, 2020 Offer of Judgment in the amount of $361,409.47 would still be more favorable than the judgment Plaintiff ultimately obtains.  That is, in Plaintiff's Memorandum in Support of its Bill of Costs, it claims its pre-offer fees were

4

$49,095.25, its pre-offer expenses were $13,745,[4] and its pre-offer costs were $261, which total $63,101.25.  If the Court determines that Plaintiff should be entitled to recover those pre-offer fees, costs, and expenses—which it should not do—the Court should at a minimum reduce the amount of those pre-offer fees, costs, and expenses to reflect Plaintiff's limited success.  In doing so, the Court should only permit Plaintiff to recover 14.5% to 14.7% of its pre-offer fees, costs, and expenses (which would amount to $9,149.68 to $9,275.88) or, if the Court takes a generous approach and considers that Plaintiff was successful in recovering damages associated with 5 of the 25 property conditions it took issue with in this case, it should only permit Plaintiff to recover 20% of its pre-offer fees, costs, and expenses (which would amount to $12,620.25).  If the Court were to take this approach to awarding pre-offer fees, costs, and expenses to Plaintiff given Plaintiff's limited success, Plaintiff's $305,222.00 judgment would, at most, increase to $317,842.25, which is still not more favorable than Kohl's offer of judgment in the amount of $361,409.47.

Therefore, for these reasons and the reasons addressed in Kohl's prior briefs on these issues, Plaintiff should not be permitted to recover any of its post December 18, 2020 offer of judgment fees, costs, or expenses.

**III.     Kohl's Rule 68 Offer of Judgment on October 26, 2021 was proper.**

Consistent with the arguments raised in Plaintiff's Memorandum in Support of its Motion for Prevailing Party Attorneys' Fees and Expenses Pursuant to Fed. R. Civ. P. 54(d) (ECF No. 201, at p. 10-11) and Plaintiff's Opposition to Kohl's Bill of Costs (ECF No. 215, at p. 6-8), Plaintiff again argues that Kohl's October 26, 2021 offer of judgment is invalid and/or void because it did not comply with Rule 68's 14-day requirement.  However, for all the reasons and

---

[4] Plaintiff also claims it incurred $544.05 in Westlaw research expenses, but those expenses are not recoverable as previously addressed in prior briefing.  *See* ECF No. 212, at p. 13.

authorities previously cited in Kohl's Memorandum in Opposition to Plaintiff's Motion for Prevailing Party Attorneys' Fees and Expenses (ECF No. 212, at p. 7-9), Defendant's October 26, 2021 offer of judgment for $650,000 was valid and consistent with Rule 68 and case law from the Tenth Circuit interpreting the same.  Indeed, Plaintiff's complaints that it wasn't guaranteed 14 days "to ponder the matter" because the offer was conditioned upon the Court not granting Kohl's Motion for Summary Judgment prior to Plaintiff's acceptance of the offer are without merit. Plaintiff had the requisite 14 days to ponder the matter as much as it wanted, and nothing prevented Plaintiff from doing so nor did anything impact or shorten that 14-day timeframe.  Kohl's October 26, 2021 offer of judgment was definite and certain and align with the purpose of Rule 68, and none of the authority Plaintiff cites to supports otherwise.

**WHEREFORE**, for the reasons stated herein and in Defendant Kohl's prior briefs on these issues (*see* ECF Nos. 197, 216, 220; *see* ECF No. 211; *see* ECF No. 212), the Court should not award costs to Plaintiff.

Respectfully submitted,

POLSINELLI PC

*/s/ Brisa I.I. Wolfe*
JASON L. BUSH              (KS #18299)
BRENDAN L. McPHERSON  (KS #23771)
BRISA I.I. WOLFE           (KS #26700)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
(816) 753-1000
(816) 753-1536 (fax)
jbush@polsinelli.com
bmcpherson@polsinelli.com
bwolfe@polsinelli.com
*ATTORNEYS FOR DEFENDANT*

6

## **CERTIFICATE OF SERVICE**

       I certify that on this 26th day of July 2022, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

       */s/ Brisa I.I. Wolfe*
       *ATTORNEY FOR DEFENDANT*