IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LENEXA 95 PARTNERS, LLC,

        Plaintiff,

v.                                                                                                                            Case No.  20-02367-JWB

KIN, INC. f/k/a KOHL'S INC.,

        Defendant.

**MEMORANDUM AND ORDER**

Defendant moves to strike (Doc. 227) the new arguments Plaintiff makes in Plaintiff's reply brief (Doc. 222) related to Plaintiff's motion to alter judgment (Doc. 202).  In the alternative, Defendant requests leave to file a sur-reply.  (Doc. 227.)  Plaintiff denies making any new arguments.  (Doc. 228.)  The motion is fully briefed and ripe for decision.  (Docs. 230, 231.)  For the reasons set forth herein, Defendant's motion to strike is DENIED and Defendant's request for leave to file a sur-reply is GRANTED.

**I.      Background**

This case was tried to a jury in April 2022.  The jury returned a verdict in favor of Plaintiff on April 29, 2022.  (Doc. 193.)  Judgment was entered in favor of Plaintiff in the amount of $305,222.00 on May 2, 2022.  (Doc. 196.)  Both parties have subsequently filed several motions, including the motion to alter judgment (Doc. 202) and the motion to strike (Doc. 227) at issue here.

Plaintiff filed its motion to alter judgment on May 16, 2022, requesting that the court add prejudgment interest to the judgment.  (Docs. 202, 203.)  In that motion and memorandum in support of same, Plaintiff argues that it is entitled to prejudgment interest because the damages it received via the jury's verdict were liquidated damages.  (*Id.*)  Notably, Plaintiff *did not* argue in

the alternative that it was entitled to prejudgment interest even if the court determined the damages were not liquidated. Yet in its reply to Defendant's opposition, Plaintiff argues "[a] trial court may award prejudgment interest, at its discretion, even when the primary damages are not liquidated." (Doc. 222 at 5.) Plaintiff spends about three pages arguing that even if the damages are not liquidated, it is entitled to prejudgment interest anyway. (*Id.* at 5–7.) Because this argument was brought for the first time in a reply, Defendant has not had an opportunity to respond, aside from the arguments made in this motion to strike. (Doc. 227.)

## II. Standard

This court ordinarily does not consider issues raised for the first time in a reply. *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("arguments raised for the first time in a reply brief are generally deemed waived."). If the court considers new arguments raised for the first time in a reply, "it should give the nonmoving party an opportunity to respond." *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 902–903 (D. Kan. 2021). Sur-replies are permitted only under "rare circumstances." *Id.*

## III. Analysis

Plaintiff has presented a new argument in its reply brief related to whether it is entitled to prejudgment interest for a claim that is not liquidated (while standing on its earlier assertion that the claim is liquidated). (Doc. 222 at 5–7.) Without commenting on the merits of that argument, the court believes it should consider all arguments presented. These are the "rare circumstances" which entitle Defendant the opportunity to file a sur-reply. Defendant's sur-reply shall be limited to five pages and shall respond to the new argument presented by Plaintiff.

## IV. Conclusion

For the reasons stated, Defendant's motion to strike is DENIED and Defendant's request for leave to file a sur-reply is GRANTED.

IT IS SO ORDERED this 20th day of October, 2022.

       ___s/ John W. Broomes_____
       JOHN W. BROOMES
       UNITED STATES DISTRICT JUDGE