IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LENEXA 95 PARTNERS, LLC,

        Plaintiff,

v.                                           Case No.  20-2367-JWB

KIN, INC. f/k/a KOHL'S INC.,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff moves to alter the judgment entered.  (Doc. 202.)  Defendant opposes Plaintiff's motion to alter judgment (Doc. 211) and the motion is fully briefed (Docs. 203, 222, 233.)  For the reasons stated herein, Plaintiff's motion to alter judgment (Doc. 202) is GRANTED IN PART and DENIED IN PART.

### I.      Background and Procedural History

Plaintiff filed this lawsuit in June 2020 alleging breach of contract related to a commercial lease in Johnson County, Kansas.  (Docs. 1, 1-2.)  Defendant removed the case to this court in July 2020.  (Doc. 1.)  The case involved extensive discovery and both parties ultimately moved for summary judgment.  (Docs. 117, 120.)  Plaintiff's motion for summary judgment was granted in part and denied in part, and Defendant's motion for summary judgment was denied.  (Doc. 148.)

This case was tried to a jury in April 2022.  The jury returned a verdict in favor of Plaintiff on April 29, 2022.  (Doc. 193.)  Judgment was entered in favor of Plaintiff in the amount of $305,222.00 on May 2, 2022.  (Doc. 196.)  Both parties have subsequently filed several motions, including the motion to alter judgment (Doc. 202) at issue here.

### II.      Standard

"Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Jenny Yoo Collection, Inc. v. Essense of Australia, Inc*., No. 17-CV-2666-JAR-GEB, 2019 WL 2717167, *2 (D. Kan. June 28, 2019) (citing *Hayes Family Tr. v. State Farm Fire & Cas. Co*., 845 F.3d 997, 1004 (10th Cir. 2017)).  A motion to reconsider a prior ruling "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (quotation omitted).  It is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. (quotation omitted).  "A post-judgment motion for prejudgment interest should be brought pursuant to Fed. R. Civ. P. 59(e)." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (citing *Osternekv v. Ernst & Whinney*, 489 U.S. 169, 175–77 (1989)).

III.     **Analysis**

A. **Prejudgment Interest**

Plaintiff argues that it is entitled to prejudgment interest on the amount it was awarded by the jury.  (Doc. 203.)  Plaintiff argues that prejudgment interest is appropriate because the claim is liquidated.  (*Id.* at 3–4.)  In the alternative, Plaintiff argues that even if the claim is not liquidated, this court should exercise its discretion to award Plaintiff prejudgment interest to fully compensate Plaintiff.  (Doc. 222 at 5–7.)[1]

---

[1] Plaintiff first made this argument in its reply.  The court permitted Defendant to file a surreply to respond to this argument.  (*See* Docs. 232, 233.)

Defendant argues that Plaintiff's claim was not liquidated, and prejudgment interest should not be awarded.  (Doc. 211 at 1–3.)  Defendant also argues that Plaintiff is not entitled to a discretionary award of prejudgment interest if the claim was not liquidated.  (Doc. 233 at 1–5.)

Because this court sits in diversity, it looks to Kansas law to determine whether to award prejudgment interest.  *Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1288 (10th Cir. 2005).  "A claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or when the same become definitely ascertainable by mathematical computation."  *Royal Coll. Shop, Inc. v. N. Ins. Co. of N.Y.*, 895 F.2d 670, 673 (10th Cir. 1990) (quoting *Plains Res., Inc. v. Gable*, 235 Kan. 580, 583, 682 P.2d 653, 657 (1984)).

The parties only dispute whether the amount due was fixed and certain.  Plaintiff contends that the amount was fixed and certain because Defendant did not put on any evidence at trial to counter Plaintiff's valuations for its damages.  (Doc. 222 at 4–5.)  Defendant argues that it disputed Plaintiff's damages claims throughout the course of litigation by refusing to stipulate to any damage amount and challenging each category of damages.  (Doc. 211 at 2.)

The court  finds that this claim was not liquidated.  In the pretrial order, Plaintiff calculated damages as falling between $2,072,170.40 and $2,097,767.40.  (Doc. 116 at 16.)  At trial, Plaintiff requested that the jury award more than $1,297,000.  (Tr. at 1195.)[2]  Defendant disputed liability and did not present its own requested damages figure but disputed the amount of damages Plaintiff requested throughout the litigation.  (Doc. 211 at 2.)  Defendant also disputed the credibility of Plaintiff's experts during the trial to undermine the amount of damages requested.  (*See* Tr. at 1198:3–15; 1207:11–22; 1209:242–1210:11) (summarizing testimony.)   The  jury  ultimately awarded only $305,222.00 to Plaintiff.  (Doc. 193 at 2.)

---

[2] Citations to the transcript are citations to the trial transcript unless otherwise noted.

This case is like *Hatch & Kirk Power Servs. Corp. v. City of Girard*, Case No. 95-1155-DES, 1999 WL 99307, at *1–*2 (D. Kan. Jan. 19, 1999).  In that breach of contract case, part of a contract was left unperformed, and both parties introduced evidence of the value of those parts of the contract.  *Id.* at *2.  "Because this amount [of damages] could not have been determined until the jury had returned its verdict and placed a value on what had and had not been completed under the contract, the damages were not liquidated."  *Id.*

Plaintiff argues that *Hatch & Kirk* is distinguishable because the defendant in that case introduced its own evidence on damages to dispute the damages claimed by the plaintiff.  (Doc. 222 at 2.)  But the court does not believe this is a fatal distinction.  While Defendant did not offer its own damages calculations to counter Plaintiff's, it attempted to discredit Plaintiff's expert witnesses and to show bias in developing those calculations.  (*See* Tr. at 1198:3–15; 1207:11–22; 1209:242–1210:11) (summarizing testimony.)   And the jury was convinced at least in part by Defendant because it did not award the damages requested by Plaintiff.

Plaintiff argues that the more analogous case is *Hysten v. Burlington Northern Santa Fe Ry. Co.*, 530 F.3d 1260 (10th Cir. 2008).  (Doc. 222 at 3.)  At first glance, *Hysten* has similarities to this case – the plaintiff requested an amount of damages and the jury awarded damages, though less than the plaintiff requested, just as here.  *Hysten*, 530 F.3d at 1267.  But upon closer inspection, *Hysten* is distinguishable.  *Hysten* involved an employee's retaliation claim after the employee reported a work-related injury.  *Id.* at 1266–67.  The jury awarded the employee some backpay, compensatory damages, and punitive damages.  *Id.* at 1267.  The district court awarded prejudgment interest on the backpay portion of the jury's award.  *Id.* at 1280.  The Tenth Circuit agreed that prejudgment interest was proper on the backpay award because the defendant had not challenged the amount of backpay or the period of accrual.  *Id.* at 1281.  But an award of backpay

damages is distinctly different than breach of contract damages for repairs to various property conditions. It is difficult for a party to dispute the proper amount of backpay if it is to be awarded because it is strictly a mathematical computation of pay multiplied by the number of weeks owed. *See id.* ("Indeed, Burlington Northern offers no explanation as to why Mr. Hysten's backpay injuries – of *at least* $30,000 – were not readily ascertainable starting at the time of Mr. Hysten's termination, on July 12, 1999, and incrementally continuing through the date of his reinstatement, on April 3, 2001. We defer to the district court's discretionary finding that the amount of the backpay award was precise and ascertainable from the date of the discharge.").

The damages awarded in this case were nowhere near as precise and ascertainable as the damages in *Hysten*. Plaintiff introduced evidence as to what it would cost to repair various property conditions, and Defendant disputed the credibility of the experts and undermined their valuations. While Defendant did not actually introduce its own valuations, the damage calculations here could not have been ascertained prior to the jury's verdict. The jury had to weigh the evidence, determine the credibility of each witness, and decide what good condition subject to ordinary wear and tear meant. This process was not as simple as stipulating to a former employee's weekly wages and then determining how many weeks of backpay the employee was entitled to, and thus, *Hysten* is distinguishable.

Plaintiff undermines its own argument that the damages were liquidated by citing a trial exhibit which shows certain calculations for categories of damages. (Doc. 222 at 4.) The jury accepted some, but not all, of the damage figures noted in the exhibit. (*See* Doc. 193.) And there were other categories of damages on that exhibit which indicate a higher amount of requested damages than the jury awarded. (Doc. 222-1.) While the fact that the jury awarded a lower amount than Plaintiff requested does not inherently make Plaintiff's claim unliquidated, this is one piece

of evidence that undermines Plaintiff's claim that the amount due was fixed and certain. *See Hysten*, 530 F.3d at 1281 ("We recognize that Mr. Hysten sought $64,588.40 in back pay, but the jury awarded only $30,000.  This suggests some uncertainty as to how long Mr. Hysten was owed backpay, or how much he was owed, or both.  However, this uncertainty does not mean the entirety of the requested backpay award was unliquidated.").

Further, the court finds that this is not an appropriate case for a discretionary award of prejudgment interest on an unliquidated claim.  The cases Plaintiff cites are distinguishable from the case at hand, and the court finds that there is no equitable reason to award prejudgment interest. *Cf. Britvic Soft Drinks Ltd. v. ACSIS Techs., Inc.*, No. 01-2243-CM, 2004 WL 1900585, at *2 (D. Kan. June 8, 2004) (prejudgment interest awarded to compensate plaintiff for being deprived of money it paid into escrow); *Farmers State Bank v. Prod. Cred. Ass'n of St. Cloud*, 243 Kan. 87, 102–103, 755 P.2d 518, 528–29 (1988) (discretionary prejudgment interest affirmed in case regarding sale of cattle).  This is not a case where Defendant has been unlawfully holding onto Plaintiff's money for the duration of the litigation; this is a case where there was a legitimate dispute about liability and about damages and thus, an award of prejudgment interest is not necessary to fully compensate Plaintiff.

### B.  Prejudgment Interest & Rule 68

Because this court finds that Plaintiff is not entitled to prejudgment interest, the court need not address this argument.  It is immaterial whether prejudgment interest is included in a Rule 68 offer where, as here, the court has declined to award prejudgment interest.

### C.  Post-Judgment Interest

Plaintiff argues that post-judgment interest is mandatory and controlled by 28 U.S.C. § 1961.  (Doc. 203 at 7.)  Defendant does not dispute this point or make any argument related to

post-judgment interest.  The court agrees with Plaintiff and will amend the judgment entered May 2, 2022, to reflect the addition of post-judgment interest.

**IV.     Conclusion**

Plaintiff's motion to alter judgment (Doc. 202) is GRANTED in part and DENIED in part. The clerk is directed to amend the judgment (Doc. 196) to reflect the award of post-judgment interest.

IT IS SO ORDERED this 12th day of January, 2023.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE