IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LENEXA 95 PARTNERS, LLC,

           Plaintiff,

v.                                        Case No.  20-2367-JWB

KIN, INC. f/k/a KOHL'S INC.,

           Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff and Defendant's motions for attorney fees. (Docs. 197, 200.)  The matter is fully briefed and ready for decision.  (Docs. 201, 212, 214, 220, 223.)  For the reasons stated herein, the motions are DENIED.  Defendant's motion for stay of execution of judgment (Doc. 197) is also DENIED.

### I.      Background

This breach of contract case was filed by Plaintiff in Johnson County, Kansas after Defendant allegedly violated its commercial lease for a property in Lenexa, Kansas.  (Doc. 1-2.) Defendant removed the case to federal court on the basis of diversity jurisdiction.  (Doc. 1 at 2.) The case was heavily litigated, including motions for summary judgment being filed by both sides. (Docs. 117, 120.)

Defendant made two Rule 68 offers of judgment during the litigation.  (Doc. 197 at 2.)  On December 18, 2020, approximately six months into the case, Defendant offered Plaintiff $361,409.47.  (*Id.*)  Plaintiff did not accept the offer and the case carried on.  (*Id.*)  Later, on October 26, 2021, Defendant sent Plaintiff a second offer of judgment, this time in the amount of $650,000.  (*Id.*)  Defendant conditioned this offer "upon the Court not granting Defendant's

Motion for Summary Judgment, in whole or in part, prior to Plaintiff's acceptance of the offer of judgment." (Doc. 201-12 at 1.)  Plaintiff did not accept this offer and the case was ultimately tried by a jury. (Doc. 197 at 2.)

At the end of the trial, the jury awarded damages to Plaintiff for five of the seven property conditions submitted to the jury for consideration. (Doc. 193 at 2.)  The total amount awarded by the jury was $305,222. (*Id.*)  In the pretrial order, Plaintiff requested damages for 25 property conditions, including the seven which were ultimately submitted to the jury. (Doc. 116 at 15–16.)  The range of damages Plaintiff sought in the pretrial order was between $2,072,170.40 and $2,097,767.40. (*Id.* at 16.)  Based on the evidence presented at trial, the court instructed the jury that it could award Plaintiff up to a total of $1,297,913.15. (Jury Instr. No. 17.)  Suffice it to say, although Plaintiff won at trial, it was awarded significantly less damages than it hoped to recover.

Plaintiff filed a notice of appeal on February 8, 2023, related to some of this court's prior rulings. (Doc. 237.)  Despite the appeal, this court retains jurisdiction to decide these motions because "some matters, such as 'the propriety and amount of attorney's fees,' are collateral to the final judgment over which a district court has jurisdiction even after the timely filing of a notice of appeal.'" *Simons v. Eaton Corp.*, Case No. 93-1144-PK, 1995 WL 144716, at *1 (D. Kan. March 2, 1995) (quoting *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987)). Attorney's fees and costs are considered collateral. *Id.*; *see also Buchanan v. Stanships*, 485 U.S. 265, 268 (1988) (per curiam) ("Instead, such a request for costs raises issues wholly collateral to the judgment in the main cause of action . . .").

## II.     Analysis

### A.  Attorney Fees

Each party argues that the lease entitles it to attorney fees.  Section 36 of the lease reads:

> Either party hereto shall be entitled to reimbursement from the other for all reasonable expenses (including attorneys' fees and all other expenses incurred in investigating, preparing, filing or defending any action, demand, or legal proceeding) incident to an action, demand or legal proceeding between Landlord and Tenant where it is determined by a final and non-appealable judgment of a court of competent jurisdiction that the party seeking reimbursement has prevailed or that such party is entitled to reimbursement.

(Doc. 116 at 4.)  The parties dispute who the prevailing party is, and each argues that it is entitled to costs and attorney fees.

Although the parties did not brief the issue, the court notes that the lease requires "a final and non-appealable judgment" to be the basis for an award of attorney fees.  The amended final judgment in this case (Doc. 236) is currently being appealed.  Accordingly, the court determines that these motions for attorney fees are premature.[1]  The motions for attorney fees are therefore denied.

### B.  Costs

Both parties also request costs in their motions.  Each party has filed a bill of costs.  (Docs. 198, 224.)  The clerk of the court will tax those costs after the appeal is resolved.  D. Kan. Rule 54.1.  The court does not address costs here and will address them as appropriate upon a later motion.

### C.  Stay of Execution

Defendant requests a stay of execution of the judgment while post-trial motions are pending.  (Doc. 197 at 11.)  Plaintiff notes that Defendant has not posted an appeal bond.  (Doc. 214 at 15.)  This order resolves the last of the post-trial motions, although Plaintiff has filed a notice of appeal related to this court's ruling on some of those motions.  (Doc. 237.)

---

[1] The court understands that the parties were required by Rule 54(d)(2)(B)(i) to file motions for attorney fees within 14 days of the entry of final judgment in the case.  However, the final judgment was appealable at that time and is in fact now being appealed.

The court denies Defendant's request for a stay of execution for two reasons. First, Defendant only requested a stay of execution "while all motions for attorneys' fees and costs are pending." (Doc. 197 at 11.) In Defendant's reply, it specifically asks for stay "while all motions for attorneys' fees and costs and Plaintiff's motion for new trial are pending." (Doc. 220 at 9.) The motions for attorney fees are no longer pending and neither is Plaintiff's motion for new trial.

Second, Defendant relies on *Hudson v. AIH Receivable Mgmt. Servs.*, Case No. 10-CV-2287-JAR, 2012 WL 2149664, at *1 (D. Kan. June 13, 2012), as support for its position that it is not obligated to file an appeal bond when requesting a stay of execution. (Doc. 220 at 9.) But that case relied on language in Rule 62 which has since been amended. *Compare Hudson*, 2012 WL 2149664, at *1 ("That rule states, '[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceeding to enforce it – pending disposition of [specified post-trial motions].'") (alterations in original) (quotation omitted), *with* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay providing a bond or other security."). And in *Hudson*, the court ultimately conditioned the entry of a stay of execution on the defendant posting a supersedeas bond in the amount of the judgment plus 25%.

Defendant has not posted a bond and has not indicated its intention to post a bond. Defendant also has not shown good cause for a waiver of the bond requirement. *Hudson*, 2012 WL 2149664, at *1. Accordingly, the court finds that a stay of execution is not appropriate. The Tenth Circuit may find that it is appropriate to stay the proceedings pending the appeal or issue an order maintaining the status quo in the case under Rule 62(g).

**III.      Conclusion**

For the reasons stated herein, Plaintiff's motion for attorney fees (Doc. 200) and Defendant's motion for attorney fees (Doc. 197) are DENIED.  Defendant's motion for stay of execution of judgment (Doc. 197) is DENIED.

IT IS SO ORDERED this 14th day of February, 2023.


                                    ___s/ John W. Broomes_____
                                    JOHN W. BROOMES
                                    UNITED STATES DISTRICT JUDGE